UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CENTURION,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00201-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 8.

Plaintiff has now filed a Motion to Review Amended Complaint, which also appears to attach the Amended Complaint itself. Dkt. 9. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1. **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2.  **Discussion**

Plaintiff asserts that Defendant Centurion, the private entity providing Idaho prisoners with medical treatment under contract with the Idaho Department of Correction, has violated the Eighth Amendment by failing to provide Plaintiff with adequate medical care. Plaintiff claims he has not been given adequate pain medication and that he needs shoulder and knee replacement surgeries, but that medical providers employed by Centurion have denied his requests.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

As the Court has previously explained, the Eighth Amendment includes the right to adequate medical care in prison, and prison medical providers can be held liable under § 1983 if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison medical provider acts with deliberate indifference "only if the [provider] knows of and disregards an excessive risk to inmate health." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). That is, a plaintiff must plausibly allege that the provider was not only aware "of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that the provider also actually drew that inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted).

Further, to state an Eighth Amendment claim against Centurion—which is a private entity performing a government function—Plaintiff must plausibly allege that the execution of the entity's official policy or an unofficial custom inflicted the injury of which Plaintiff complains. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a state function). A plaintiff asserting a *Monell* claim must allege (1) the plaintiff was deprived of a constitutional right, (2) the entity had a policy or custom, (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right, and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

Plaintiff's Amended Complaint contains numerous legal citations, but no facts from which a reasonable factfinder could infer that Centurion has a policy, practice, or custom amounting to

deliberate indifference to Plaintiff's serious medical needs. First, the Amended Complaint does not support a reasonable inference that any of Plaintiff's prison medical providers made their treatment decisions based on a company practice, rather than by using the providers' own, independent and professional medical judgment.

Second, Plaintiff's belief that his pain medication was not sufficient is only a disagreement with medical providers, which does not plausibly suggest deliberate indifference even if Plaintiff had sued the individual medical providers who made Plaintiff's treatment decisions. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Finally, though Plaintiff claims that his MRI and X-ray tests all "said" Plaintiff needs joint replacement surgeries, *see* Dkt. 9 at 1–2, he includes no facts to establish he has the sort of medical expertise capable of reading MRIs or X-rays. Thus, even if Plaintiff had named the individual medical providers who denied his requests for surgery, he has once again alleged nothing more than a disagreement about appropriate medical treatment. *See Sanchez*, 891 F.2d at 242. This does not plausibly suggest Centurion has a policy, custom, or practice amounting to deliberate indifference.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

3.  **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend.

*See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review Amended Complaint (Dkt. 9) is GRANTED.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 8), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

3. Plaintiff's motion requesting damages and Motion for Civil Rights Complaint (Dkts. 10 and 11) are DENIED AS MOOT.

DATED: September 17, 2025

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge